FORT WAYNE & ELMWOOD STREET RAILWAY COMPANY v.
THE CITY OF DETROIT.

*Municipal corporations—Repairing pavements.*

A city ordinance required a street railway company to keep the space between its rails in good repair, and provided that on paved portions of the street the materials should be supplied at the city's expense. *Held* that in an action by the company to recover the cost of material which it had furnished, it was not bound to show that the necessity for repairs did not arise from its own previous neglect of duty; such a fact would be matter of defense to be shown by the city.

A street railway company was required by ordinance to keep the pavement between its rails in good repair, and it was made the duty of the city to furnish material. The company being directed to make repairs, asked the city government for leave to repave with cobble-stone, and the city refused to furnish any kind of material, but made no objection to cobble-stone and offered no suggestions. *Held* that the company might use any fit material, and maintain an action against the city for its value.

Error to Superior Court of Detroit. Submitted October 22. Decided October 31.

ASSUMPSIT. Plaintiff brings error.

*G. V. N. Lothrop* for plaintiff in error.

City Counselor *F. A. Baker* for defendant in error.

GRAVES, J. This case is of the same nature exactly as that between the same parties reported in 34 Mich., 78, and the railway company contends that there is nothing to exempt this case from the determination made there.

The city, however, claims that this case differs from that in two particulars, and that they are sufficient to require a different result.

*First*, it is claimed that it does not appear that the necessity for repaving was not caused or at least accelerated by the failure of the company in its duty there-

tofore to make timely and proper repairs; and *second,* that the company in proceeding to repave assumed—and without the assent of the city—to change the pavement from Sandusky limestone to cobble-stone.   The finding is distinct that repaving had become necessary, but it states also that no evidence was given whether any previous repairs had or had not been made by the company.

If any previous neglect of duty by the company in making repairs brought on the condition which necessitated the repaving, it was a matter of defense to be shown by the city, and not a fact which the company was bound to give evidence upon in the first place, and prior to any showing on the subject by the city.   As no such defense was attempted and there is no finding about it, the point is without merits.

As to the second point.   The city required the company to repair, and the latter requested leave to repave with cobble stone.   The city refused to provide cobblestone or any other material for repaving, and insisted that the company should repair.   We have seen that in point of fact as found by the court it was actually necessary to repave, and since the city made no objection to cobble-stone as material for repaving and offered no suggestion as to what material ought to be used, and moreover would find none of any kind, there would seem to be no ground for the objection that in using cobblestone instead of limestone the company acted without right.   The right and duty to repave existing, the refusal of the city to provide material and the failure to designate the kind which should be used, authorized the company to put down any such as would be reasonably fit, and it does not seem to be denied that cobble-stone was so.

The position taken on the part of plaintiff in error that the case is governed by the former one, is correct.

The judgment must be reversed and one entered here for plaintiffs in error for the amount found by the court, $405.81, with costs of both courts.

The other Justices concurred.